Christina Rea Snider (SBN 269107)
christina.snider@quarles.com
**QUARLES & BRADY LLP**
501 N. El Camino Real, No. 218
San Clemente, CA 92672
Telephone:  619-237-5200

Johanna Wilbert (*pro hac vice*)
johanna.wilbert@quarles.com
**QUARLES & BRADY LLP**
411 E Wisconsin Ave, Suite 2400
Milwaukee, WI 53202-4428
Telephone: 414-277-5000

Lauren Bolcar (*pro hac vice*)
lauren.bolcar@quarles.com
**QUARLES & BRADY LLP**
2020 K Street NW, Suite 400
Washington, DC 20006-1806
Telephone: 202-372-9600
*Attorneys for Defendant PUMA North America, Inc.*
*Additional Counsel Listed on Following Page*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALAN FOSTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PUMA NORTH AMERICA, INC.; MB1 ENTERPRISES LLC; MELO LAFRANCE BALL; BIG BALLER BRAND, INC.; LAVAR BALL; TINA BALL; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-cv-09372-FLA-SK<br><br>**DEFENDANTS PUMA NORTH AMERICA, INC., LAMELO BALL, AND MB1 ENTERPRISES, LLC'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　November 21, 2025<br>Time:　　1:30 P.M.<br>Crtrm.:　6B<br>Judge:　Hon. Fernando L. Aenlle-Rocha |

Marta Rocha (SBN: 340308)
marta.rocha@quarles.com
**QUARLES BRADY LLP**
33 E. Main Street, Suite 900
Madison, WI 53703
Phone: 608-251-5000
*Attorneys for Defendant PUMA North America, Inc.*

Benjamin S. Akley (SBN 278506)
bakley@pryorcashman.com
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Phone:       310-683-6900

Brad D. Rose *(pro hac vice)*
Felicity S. Kohn *(pro hac vice)*
Rachel M. Kaplowitz *(pro hac vice)*
brose@pryorcashman.com
fkohn@pryorcashman.com
rkaplowitz@pryorcashman.com
**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036
Phone: 212-421-4100
*Attorneys for Defendants*
*LaMelo Ball and MB1 Enterprises, LLC*

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6B of this Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendants PUMA North America, Inc. ("PUMA"), LaMelo Ball ("LaMelo"), and MB1 Enterprises, LLC ("MB1 Enterprises," together with LaMelo, the "LaMelo Defendants," and together with PUMA and LaMelo, "Defendants") will and hereby do move the Court for judgment on the pleadings as to Plaintiff Gregory Alan Foster's ("Plaintiff" or "Foster") Tenth Cause of Action in the First Amended Complaint (Dkt. 128; hereinafter, "FAC") (the "Motion").

With regard to L.R. 7-3, counsel for the parties met and conferred regarding this motion by videoconference on October 6, 2025.

Defendants' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Johanna M. Wilbert ("Wilbert Decl."), the Declaration of Felicity S. Kohn ("Kohn Decl."), any reply memorandum, the pleadings and filings in this action, and such other matters as may be presented at or before the hearing.

Dated: October 14, 2025

Respectfully submitted,
QUARLES & BRADY LLP

By: */s/ Johanna M. Wilbert*
Johanna M. Wilbert *(pro hac vice)*
Marta S. Rocha (CA Bar No. 340308)
Christina R. Snider (CA Bar No. 269107)
Lauren C. Bolcar *(pro hac vice)*
*Attorneys for Defendant PUMA North America, Inc.*

Dated: October 14, 2025     PRYOR CASHMAN LLP

By: */s/ Benjamin S. Akley*
Benjamin S. Akley (SBN 278506)
Brad D. Rose (*pro hac vice*)
Felicity S. Kohn *(pro hac vice)*
Rachel Kaplowitz *(pro hac vice)*
*Attorneys for Defendants*
*LaMelo Ball and MB1 Enterprises, LLC*

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), counsel for Defendants LaMelo and MB1 Enterprises certify that counsel for PUMA North America, Inc. concur in this filing's content and have authorized the filing of this document with their electronic signatures.

Dated: October 14, 2025     **QUARLES & BRADY LLP**

By: */s/ Benjamin S. Akley*
Benjamin S. Akley
*Attorneys for Defendants LaMelo Ball and MB1 Enterprises, LLC*

# TABLE OF CONTENTS

**Page**

A. INTRODUCTION ...................................................................................................... 1

B. FACTUAL BACKGROUND .................................................................................... 1

C. LEGAL STANDARDS .............................................................................................. 3

    1.    Judgment on the Pleadings ........................................................................ 3

    2.    Pleading Requirements for Fraud ............................................................. 4

D. ARGUMENT .............................................................................................................. 6

    1.    Foster's Fraud Claim Is Insufficiently Pled. .............................................. 6

    2.    Foster's Fraud Claim Should Be Dismissed Without Leave to Amend. ............................................................................................ 8

    3.    The Motion is Timely. ............................................................................... 9

E. CONCLUSION ......................................................................................................... 11

i

Defs.' Mem. in Supp. of Their Mot. for Judgment on the Pleadings

# TABLE OF AUTHORITIES

Page

**Cases**

*Arimilli v. Rezendes*,
  No. CV-21-00345-PHX-GMS, 2025 WL 764006 (D. Ariz. Mar. 11, 2025) ......... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 4

*Beverly Hills Reg'l Surgery Ctr., L.P. v. Grp. Hospitalization & Med. Servs., Inc.*,
  No. CV2201217RSWLMRWX, 2022 WL 1909550 (C.D. Cal. June 3, 2022) ...... 9

*Biovill Co. v. Oh*,
  No. 2:23-CV-07920-SVW-JC,
  2024 WL 3001472 (C.D. Cal. Apr. 25, 2024) ................................................. 5, 7

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ............................................................................ 5

*Certified Nutraceuticals, Inc. v. Clorox Co.*,
  No. 3:18-CV-744 W (KSC), 2022 WL 623868 (S.D. Cal. Mar. 3, 2022) ............ 10

*Cisneros v. Instant Cap. Funding Grp., Inc.*,
  263 F.R.D. 595 (E.D. Cal. 2009) ..................................................................... 5, 8

*Correa v. Ford Motor Co.*,
  No. 2:23-CV-02389-AB-PD,
  2024 WL 2107719 (C.D. Cal. Apr. 11, 2024) ..................................................... 3

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) .............................................................................. 6

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*,
  132 F.3d 526 (9th Cir. 1997) .............................................................................. 3

*Erickson v. Pardus*,
  551 U.S. 89 (2007) .............................................................................................. 4

*ESG Cap. Partners, LP v. Stratos*,
  828 F.3d 1023 (9th Cir. 2016) ............................................................................ 4

*Gaspard v. DEA Task Force*,
  No. EDCV1501802BROKES, 2016 WL 2586182 (C.D. Cal. Apr. 4, 2016),
  *report and recommendation adopted*, No. EDCV1501802BROKES,
  2016 WL 2349093 (C.D. Cal. May 4, 2016) ...................................................... 8

*Grijalva v. Kevin Mason, P.A.*,
  No. 818CV02010JLSDFM, 2019 WL 9051110 (C.D. Cal. May 14, 2019)........... 7

*Kavehrad v. Vizio, Inc.*,
  No. 821CV01868JLSDFM, 2022 WL 16859975 (C.D. Cal. Aug. 11, 2022) ........ 7

*Kenney v. JPMorgan Chase Bank, N.A.*,
  No. CV 25-2923-JFW(AGRX),
  2025 WL 2117415 (C.D. Cal. June 13, 2025) ...................................................... 4

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ............................................................................................ 10

*Lipeles v. Ciccone*,
  No. 2:24-CV-04896-MWC-SSC,
  2025 WL 1843222 (C.D. Cal. May 20, 2025) ................................................. 4, 7

*Magdaleno v. Indymac Bancorp, Inc.*,
  853 F. Supp. 2d 983 (E.D. Cal. 2011) ................................................................... 5

*Manes v. City of Santa Ana*,
  No. SACV 22-1193 JVS (PVC),
  2023 WL 6194181 (C.D. Cal. July 28, 2023) ..................................................... 10

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983) ............................................................................. 10

*Moistner v. Aerojet Rocketdyne Inc.*,
  585 F. Supp. 3d 1233 (C.D. Cal. 2022) ................................................................. 8

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ..................................................................................... 5

*Nunes v. Ashcroft*,
  375 F.3d 805 (9th Cir. 2004) ................................................................................. 8

*People ex rel. Harris v. Rizzo*,
  214 Cal. App. 4th 921 (2013) ................................................................................ 4

*Rasof v. Lyubovny*,
   No. CV 22-8080-JVS-PDX, 2023 WL 5748413 (C.D. Cal. Aug. 9, 2023) ............ 6

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ................................................................................ 6

*Swafford v. Waxman*,
   No. 2:24-CV-03381-SVW-MAR, 2025 WL 937669 (C.D. Cal. Feb. 3, 2025),
   *report and recommendation adopted*, No. 2:24-CV-03381-SVW (MAR),
   2025 WL 934444 (C.D. Cal. Mar. 27, 2025) ..................................................... 6, 7

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .................................................................................. 5

*Tatung Co., Ltd. v. Hsu,*
   No. SACV131743DOCANX,
   2015 WL 11089493 (C.D. Cal. Oct. 22, 2015) ...................................................... 4

*United States ex rel. Silingo v. Mobile Med. Examination Servs., Inc.*,
   No. SACV131348FMOSHX,
   2015 WL 12752552 (C.D. Cal. Sept. 29, 2015) ..................................................... 5

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................ 5

*Wendell v. Johnson & Johnson*,
   No. C 09-04124 CW, 2010 WL 2465456 (N.D. Cal. June 14, 2010) .................... 3

**Statutes**

Cal. Civ. Proc. Code § 338(d) ....................................................................................... 9

**Rules**

Fed. R. Civ. P. 12(c) ...................................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. INTRODUCTION

Defendants seek judgment on the pleadings as to Foster's sparsely (and inscrutably) pled fraud claim.[1] Foster vaguely alleges that Defendants made misrepresentations concerning PUMA footwear associated with certain trademarks. But the FAC fails to set forth the basic requirements for pleading fraud, namely, the who, what, when, where, and how of Defendants' alleged misconduct, and the individual role played by each of PUMA and the LaMelo Defendants in the alleged fraud. Critically, the FAC identifies no specific statement or concealment made to Foster, or on which Foster might reasonably have relied, on the part of any of Defendants', or even anyone associated with any of the Defendants. Without that threshold allegation, Foster's fraud claim fails as a matter of law and should be dismissed.

## B. FACTUAL BACKGROUND

Foster's factual allegations concerning PUMA are set forth in Paragraphs 88–103 of the FAC. The allegations in these paragraphs are directed to PUMA's alleged conduct concerning the sale and promotion of shoes. Foster asserts that "PUMA's unlawful activities include at least the sale/promotion of footwear that bears the LaMelo Trademarks and/or confusingly similar marks, thereby infringing upon Alan's established intellectual property rights." (FAC ¶ 93.) These paragraphs do not identify any specific statements by PUMA at all, let alone misrepresentations. Nor

---

[1] Defendants moved for summary judgment on all of Foster's claims, including on the basis that he failed to sustain his burden to prove ownership of the allegedly infringed trademarks, a threshold issue on which he concedes his other claims against PUMA and the LaMelo Defendants hinge—including Claim 10 for fraud, which is the subject of the instant motion. (Dkt. 208 at 16–17.) This Motion for Judgment on the Pleadings is brought in an abundance of caution so that, in the event that Defendants do not prevail on summary judgment (though they respectfully submit they should prevail, for the reasons they have fully briefed), Defendants, the Court, and the jury will not waste valuable time on Foster's insufficiently pled fraud claim.

do these paragraphs identify any information that was allegedly concealed by PUMA from Foster.

Foster's factual allegations concerning the LaMelo Defendants are set forth in Paragraphs 71–87. The allegations in these paragraphs are directed to the LaMelo Defendants' registration and use of allegedly infringing trademarks, namely, (i) a design mark featuring angels wings beneath a halo, with the number "1" as the body of the angel and the letters "M" and "B" underneath the wings on either side of the base of the "1," Reg. No. 7,402,325 (the "Wings Mark"), and (ii) the standard character mark MB.01, Reg. No. 7,063,583 (the "MB.01 Mark"). Foster alleges that "LaMelo and MB1 Enterprises' unlawful activities include at least the sale/promotion of footwear that bears the Infringing Trademarks and/or other marks that are confusingly similar to the LaMelo Trademarks, thereby infringing upon Alan's established intellectual property rights." (FAC ¶ 80.) These paragraphs identify no specific statements by LaMelo or MB1 Enterprises, let alone any misrepresentations or any information concealed by LaMelo or MB1 Enterprises from Foster.

Foster's Tenth Cause of Action purports to plead "FRAUD AND CONCEALMENT OF FACTS" against PUMA and the LaMelo Defendants. (*Id.* at 50.) Foster's allegations as to what misrepresentations were allegedly made, in their entirety, are as follows:

> PUMA, LaMelo, and MB1 Enterprises misrepresented facts pertaining to certain intellectual property, namely, the LaMelo Trademarks and the Infringing Trademarks. Specifically, PUMA, LaMelo, and MB1 Enterprises represented that the Infringing Trademarks were unique, original, and associated with LaMelo's first signature sneaker.

(*Id.* ¶ 216.) Beyond failing to identify the specific allegedly fraudulent statements made, Foster does not specifically identify who allegedly made these

misrepresentations and provides no details—timing, specific contents, etc.—concerning these alleged events. Nor does Foster identify anything that was concealed by any of the Defendants, or any duty on the part of any of the Defendants to disclose information to Foster.

From there, Foster broadly alleges that PUMA, LaMelo, and MB1 Enterprises knew that the (unspecified) representations were false, that Foster relied on these representations to his detriment, and that Foster has been damaged. (*Id.* ¶¶ 219, 221–225.) Again, however, no details substantiating these claims are pled.

During his deposition, Foster unambiguously admitted that he never had any interactions with anyone associated with PUMA prior to this case. (Wilbert Decl., Ex. A, Foster Dep. at 318:24–319:2.) Foster has also admitted that he has had "no relationship" or communications with LaMelo Ball since 2019, meaning he could not have had any interaction with MB1 (formed in December 2020) prior to this case, either. (Wilbert Decl., Ex. A (Foster Dep.) at 190:24–191:7.)

**C.    LEGAL STANDARDS**

**1.    Judgment on the Pleadings**

"After the pleadings are closed—but early enough to not delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. ("Rule") 12(c).[2] "The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss." *Correa v. Ford Motor Co.*, No. 2:23-CV-02389-AB-PD, 2024 WL 2107719, at *1 (C.D. Cal. Apr. 11, 2024) (citing *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997)).

---

[2] All Defendants named in Plaintiff's Tenth Cause of Action have filed answers. (Dkt. No. 143 (PUMA's Answer to the FAC); Dkt. No. 147 (LaMelo & MB1 Enterprises' Answer to the FAC).) This Motion targets only Foster's Tenth Cause of Action, and is therefore ripe because pleadings are closed as to that cause of action. *Wendell v. Johnson & Johnson*, No. C 09-04124 CW, 2010 WL 2465456, at *2–3 (N.D. Cal. June 14, 2010).

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where multiple defendants seek dismissal of a particular cause of action, the Court must evaluate the sufficiency of the pleadings separately as to each defendant. *See, e.g., Tatung Co., Ltd. v. Hsu,* No. SACV131743DOCANX, 2015 WL 11089493, at *14 (C.D. Cal. Oct. 22, 2015) (granting motion to dismiss fraud claim against one defendant but not others).

### 2. Pleading Requirements for Fraud

A fraud claim requires the following elements: "'(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage.'" *Kenney v. JPMorgan Chase Bank, N.A.*, No. CV 25-2923-JFW(AGRX), 2025 WL 2117415, at *6 (C.D. Cal. June 13, 2025) (quoting *People ex rel. Harris v. Rizzo*, 214 Cal. App. 4th 921, 947 (2013)). "As to fraudulent concealment, among other things, Plaintiffs must show that Defendants had a duty to disclose." *Lipeles v. Ciccone*, No. 2:24-CV-04896-MWC-SSC, 2025 WL 1843222, at *4 (C.D. Cal. May 20, 2025).

"A plaintiff alleging fraud must overcome a heightened pleading standard under Rule 9(b)." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1031 (9th Cir. 2016). "To comply with Rule 9(b), allegations of fraud must be 'specific enough to

give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). A plaintiff alleging fraud must "specify the particular time the representations were made, the contents of those representations, and the identities of those who received the representations." *Biovill Co. v. Oh*, No. 2:23-CV-07920-SVW-JC, 2024 WL 3001472, at *3 (C.D. Cal. Apr. 25, 2024). "When asserting a fraud claim against a corporation, the plaintiff's burden ... is even greater.... The plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Magdaleno v. Indymac Bancorp, Inc.*, 853 F. Supp. 2d 983, 993 (E.D. Cal. 2011) (internal citations omitted).

Moreover, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Cisneros v. Instant Cap. Funding Grp., Inc.*, 263 F.R.D. 595, 606–607 (E.D. Cal. 2009) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764–765 (9th Cir. 2007)); *see also United States ex rel. Silingo v. Mobile Med. Examination Servs., Inc.*, No. SACV131348FMOSHX, 2015 WL 12752552, at *9 (C.D. Cal. Sept. 29, 2015) ("In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme. . . Rule 9(b) undoubtedly requires more than attribut[ing] wholesale all of the allegations against defendants without distinguishing one from the other.") (internal citations omitted).

D. **ARGUMENT**

1. **Foster's Fraud Claim Is Insufficiently Pled.**

Foster's fraud claim must be dismissed because Foster entirely fails to meet the pleading requirements for any theory of fraud. "Under Rule 9(b), a plaintiff's complaint 'must state the time, place, and specific content of the false representations,' and identify the parties involved." *Swafford v. Waxman*, No. 2:24-CV-03381-SVW-MAR, 2025 WL 937669, at *4 (C.D. Cal. Feb. 3, 2025), *report and recommendation adopted*, No. 2:24-CV-03381-SVW (MAR), 2025 WL 934444 (C.D. Cal. Mar. 27, 2025) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Where, as here, there are multiple defendants, a plaintiff may not "group[] multiple defendants together" and must instead "state[] clearly how each and every defendant is alleged to have violated plaintiff[']s legal rights." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

Foster has done none of this. The FAC fails to identify any specific misrepresentations—or articulate the precise role played by each Defendant in making the alleged misrepresentations—as required by Rule 9(b).

It is well-settled that a plaintiff cannot sustain a fraud claim with "vague and ambiguous allegations of fraud without identifying when the statements were made, how they were misrepresentations, and when [Plaintiff] relied on the statements." *Rasof v. Lyubovny*, No. CV 22-8080-JVS-PDX, 2023 WL 5748413, at *7 (C.D. Cal. Aug. 9, 2023).

The only allegations concerning misrepresentations on the part of Defendants in the FAC are the contentions that "PUMA, LaMelo, and MB1 Enterprises misrepresented facts pertaining to certain intellectual property, namely, the LaMelo Trademarks and the Infringing Trademarks" and "PUMA, LaMelo, and MB1 Enterprises represented that the Infringing Trademarks were unique, original, and associated with LaMelo's first signature sneaker." (FAC ¶ 216.) But the FAC fails to identify (1) who made such a representation, (2) the time of the representation, (3)

the place of the representation, or (4) the specific content of the representation, all of which are necessary to state a claim for fraud. *Biovill*, 2024 WL 3001472 at *3; *Swafford*, 2025 WL 937669 at *4. Foster's fraud claim is therefore insufficiently pled.

Furthermore, "while Plaintiff[] allege[s] that [all] Defendants engaged in the same course of fraudulent conduct," Plaintiff's claims nevertheless fail to meet 9(b)'s specificity requirements, as "Plaintiff[] ha[s] not provided a factual basis for such assertions." *Kavehrad v. Vizio, Inc.*, No. 821CV01868JLSDFM, 2022 WL 16859975, at *4 (C.D. Cal. Aug. 11, 2022) (dismissing fraud claims for "impermissible group pleading" where plaintiff failed to provide a factual basis for his assertion that all defendants engaged in the same course of conduct); *see also Grijalva v. Kevin Mason, P.A.*, No. 818CV02010JLSDFM, 2019 WL 9051110, at *3 (C.D. Cal. May 14, 2019) (dismissing fraud claims where "the First Amended Complaint impermissibly lumps Defendants together and makes it impossible for the Court, and Defendants, to discern which factual allegations are attributed to which Defendant").

Moreover, to the extent Foster's fraud claim is premised on "concealment," no allegations of concealment of facts by any of the Defendants are set forth in the FAC. Rather, the FAC only alleges that Defendants made affirmative statements (without identifying any such statements) to the effect that "the Infringing Trademarks were unique, original, and associated with LaMelo's first signature sneaker." (FAC ¶ 216.) And any concealment claim fails for the independent reason that the FAC fails to identify any duty on the part of any of the Defendants to disclose information to Foster. *Lipeles*, 2025 WL 1843222 at *4 ("As to fraudulent concealment, among other things, Plaintiffs must show that Defendants had a duty to disclose.").

In sum, where, as here "[t]he complaint makes no effort to allege specific misrepresentations or names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written . . . lumps all defendants without differentiating

them . . . and fails to establish fraud elements . . . [t]he fraud claim's deficiencies are so severe to suggest no potential improvement from an attempt to amend." *Cisneros*, 263 F.R.D. 595 at 607. Foster's fraud claim should accordingly be dismissed.[3]

### 2. Foster's Fraud Claim Should Be Dismissed Without Leave to Amend.

Foster's fraud claim should be dismissed as to PUMA without leave to amend because Foster has not pled and cannot plausibly plead that PUMA ever made any misrepresentations *to Foster* or that PUMA owed a duty *to Foster* not to conceal information. Indeed, Foster admitted in deposition that he never even interacted with PUMA prior to this case:

> Q. Before this case, have you had any interactions with anyone associated with Puma?
>
> A. Anyone associated with Puma? Not that I know of, no.

(Wilbert Decl., Ex. A (Foster Dep.) at 318:24–319:2.)[4] Without any interactions, PUMA could not have defrauded Foster. *See, e.g.*, *Arimilli v. Rezendes*, No. CV-21-00345-PHX-GMS, 2025 WL 764006, at *2 (D. Ariz. Mar. 11, 2025) (dismissing fraud claim where the plaintiff "admit[ted] that she has never directly interacted with" the defendant).

---

[3] Should the Court reach different conclusions as to the sufficiency of Foster's pleadings as to the various Defendants bringing this Motion, the Motion may be granted as to one or more of the moving Defendants and denied as to any others. *See Tatung Co.*, 2015 WL 11089493 at *14.

[4] "While the Court cannot consider extrinsic evidence to decide a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court can consider extrinsic evidence to decide whether or not granting further leave to amend would be futile." *Gaspard v. DEA Task Force*, No. EDCV1501802BROKES, 2016 WL 2586182, at *1 n.1 (C.D. Cal. Apr. 4, 2016), *report and recommendation adopted*, No. EDCV1501802BROKES, 2016 WL 2349093 (C.D. Cal. May 4, 2016) (citing *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)); *see also Moistner v. Aerojet Rocketdyne Inc.*, 585 F. Supp. 3d 1233, 1239 n.6 (C.D. Cal. 2022).

With respect to the LaMelo Defendants, Foster testified as follows:

> Q. How would you describe your current relationship with Melo Ball?
>
> A. There is no relationship. I have not been in contact or communication with him since this, since March of 2019.

(Wilbert Decl., Ex. A (Foster Dep.) at 190:24–191:1-7). Because it is undisputed that MB1 Enterprises, LLC was not formed until December 18, 2020, it could not have had any communications with Foster, either. (Wilbert Decl., Ex. B (MB1 Enters. Dep.) at 12:7–8). And as to LaMelo, any fraud claim based on communications made in 2019 falls outside of California's three-year statute of limitations, as the Complaint was filed in November 2023. Cal. Civ. Proc. Code § 338(d) (providing a three-year limitations period for "action for relief on the ground of fraud").

"[L]eave to amend may be denied on futility grounds where a proposed amendment would be subject to dismissal." *Beverly Hills Reg'l Surgery Ctr., L.P. v. Grp. Hospitalization & Med. Servs., Inc.*, No. CV2201217RSWLMRWX, 2022 WL 1909550, at *6 (C.D. Cal. June 3, 2022). Here, because any attempt by Foster to plead fraud against Defendants would be futile, leave to amend should be denied.

### 3.  The Motion Is Timely.

Based on the meet and confer process, Defendants expect Foster to argue that this motion is untimely on the basis of the August 15, 2025 motion deadline set under the previous, and no longer operative, scheduling order (Dkt. 198). Not so. Following the extension of the trial and pre-trial dates (Dkt. 234), the August 15 deadline from the prior order was never intended to bar all additional motion practice, even for motions dispositive of some or all of Plaintiff's claims. Indeed, the extension was made on September 17, 2025, with the understanding that there would likely be additional motion practice concerning the outcome of the pending State Court Action between Foster and Defendants LaVar Ball and BBB Inc., which substantially overlaps with Foster's claims in the instant action and may be dispositive of some or

all of Foster's claims. (*See* Dkt. 233 at 4; *see also* Dkt. 197.)

Even if, *arguendo*, the August 15 deadline were to apply to this motion, there would be good cause to extend the deadline in light of the fact that Foster has already attempted to weaponize the deficiency of his fraud pleading by repeatedly reinventing new fraud theories in the pre-trial meet-and-confer process (which occurred after August 15), coming up with a new one each time PUMA and the LaMelo Defendants advanced a defense against the prior one, making it impossible for Defendants to prepare for trial or adequately defend themselves. (*See* Dkt. No. 229 at 1-2 (motion in limine detailing Foster's evolving fraud theories); Kohn Decl. ¶¶ 3-8 (after Defendants filed their motion in limine, Foster changed his fraud theory yet again to evade it).) The evolution of Foster's fraud claim both unfairly frustrated and prejudiced Defendants' ability to prepare for trial and brought into sharp relief this fundamental deficiency in Foster's pleading. With this further clarity, the Court now has the opportunity to exercise its gatekeeping function to narrow and streamline the case to avoid burdening the Court, the parties, the witnesses, and the jury with an unfounded, insufficiently pled, and baseless fraud claim. Thus, permitting the instant Rule 12(c) motion would fall squarely within Rule 16 and the Court's prerogative to control its docket and further the efficiency of the proceedings. *See, e.g., Manes v. City of Santa Ana*, No. SACV 22-1193 JVS (PVC), 2023 WL 6194181, at *1 (C.D. Cal. July 28, 2023) (granting motion to extend dispositive motion deadline); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (the Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar"); *Certified Nutraceuticals, Inc. v. Clorox Co.*, No. 3:18-CV-744 W (KSC), 2022 WL 623868, at *1 (S.D. Cal. Mar. 3, 2022) (noting that "a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to

achieve the orderly and expeditious disposition of cases," and granting defendants' request to file a second summary judgment motion on the deficiency of plaintiff's claim for injunctive relief, where—as here—that issue "did not crystalize" until after the first summary judgment motion and "jumping to trial . . . without at least attempting to dispose the issue on the papers is inefficient and a waste of judicial resources").

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter judgment on the pleadings in their favor as to Foster's Tenth Cause of Action, without leave to amend.

Respectfully submitted,

Dated: October 14, 2025          QUARLES & BRADY LLP

By: /s/ *Johanna M. Wilbert*
Johanna M. Wilbert (*pro hac vice*)
Marta S. Rocha (CA Bar No. 340308)
Christina R. Snider (CA Bar No. 269107)
Lauren C. Bolcar (*pro hac vice*)
*Attorneys for Defendant PUMA North America, Inc.*

Dated: October 14, 2025          PRYOR CASHMAN LLP

By: /s/ *Benjamin S. Akley*
Benjamin S. Akley (SBN 278506)
Brad D. Rose (*pro hac vice*)
Felicity S. Kohn (*pro hac vice*)
Rachel Kaplowitz (*pro hac vice*)
*Attorneys for Defendants
LaMelo Ball and MB1 Enterprises, LLC*

**CERTIFICATE OF COMPLIANCE**

The undersigned, Benjamin Akley, certifies that this brief contains 3,425 words, which complies with the word limit set forth in L.R. 11-6.1.

By: */s/ Benjamin Akley*
Benjamin Akley