Benjamin S. Akley (SBN 278506)
bakley@pryorcashman.com
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: 310.683.6900
*Attorneys for Defendants LaMelo Ball and MB1 Enterprises, LLC*

Brad D. Rose (admitted *pro hac vice*)
Felicity S. Kohn (admitted *pro hac vice*)
brose@pryorcashman.com
fkohn@pryorcashman.com
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
*Attorneys for Defendants
LaMelo Ball and MB1 Enterprises, LLC*

James A. Bryant II (SBN 255652)
james.bryant@thecalawgroup.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Blvd., Suite 1010
Los Angeles, CA 90010
Telephone: 323-435-8205
*Attorney for Defendants LaVar Ball and Big Baller Brand Inc.*
Additional Counsel Listed on Following Page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY ALAN FOSTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PUMA NORTH AMERICA, INC.; MB1 ENTERPRISES LLC; MELO LAFRANCE BALL; BIG BALLER BRAND, INC.; LAVAR BALL; TINA BALL; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-cv-09372-FLA-SK<br><br>**JOINT NOTICE OF RULING IN RELATED STATE COURT ACTION**<br><br>**[Filed pursuant to Order dated April 15, 2025 (Dkt. 198)]** |

Edwin F. McPherson (SBN 106084)
Gabriel Henriquez (SBN 289007)
emcpherson@mcpherson-llp.com
ghenriquez@mcpherson-llp.com
**MCPHERSON LLP**
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone:  310-553-8833
*Attorneys for Defendant Tina Ball*

Christina Rea Snider (SBN 269107)
christina.snider@quarles.com
**QUARLES & BRADY LLP**
501 N. El Camino Real, No. 218
San Clemente, CA 92672
Telephone:  619-237-5200

Johanna Wilbert (*pro hac vice*)
johanna.wilbert@quarles.com
**QUARLES & BRADY LLP**
411 E Wisconsin Ave, Suite 2400
Milwaukee, WI 53202-4428
Phone: 414-277-5000

Lauren Bolcar (*pro hac vice*)
lauren.bolcar@quarles.com
**QUARLES & BRADY LLP**
2020 K Street NW, Suite 400
Washington, DC 20006-1806
Phone: 202-372-9600

Marta Rocha (SBN: 340308)
marta.rocha@quarles.com
**QUARLES BRADY LLP**
33 E. Main Street, Suite 900
Madison, WI 53703
Phone: 608-251-5000
*Attorneys for Defendant PUMA North America, Inc.*

JOINT NOTICE OF RULING IN RELATED STATE COURT ACTION

TO THE HONORABLE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

Pursuant to the Court's April 15, 2025 Order (Dkt. 198) directing the parties to file notice of the Los Angeles County Superior Court's ruling within seven (7) days of its issuance, Plaintiff Gregory Alan Foster and Defendants Puma North America, Inc., et al. (collectively, the "Parties") jointly notify this Court of the following:

1. On October 29, 2025, following a bench trial in *Big Baller Brand, LLC, et al. v. Gregory Alan Foster*, Los Angeles County Superior Court Case No. 19STCV11404, the Honorable Daniel M. Crowley issued a Minute Order and Decision Following Trial.

2. A true and correct copy of the Superior Court's October 29, 2025 Minute Order is attached hereto as Exhibit A.

The Parties submit this Joint Notice in compliance with the Court's directive in Dkt. 198.

[Space Intentionally Left Blank]

| | | |
|---|---|---|
| 1 | Dated: November 3, 2025 | LAW OFFICE OF RAYMOND BRENNEMAN |
| 2 | | By: */s/ Raymond E. Brenneman* |
| 3 | | Raymond E. Brenneman (CA Bar No. 333699) |
| 4 | | *Attorneys for Plaintiff Gregory Alan Foster* |
| 5 | | |
| 6 | Dated: November 3, 2025 | QUARLES & BRADY LLP |
| 7 | | By: */s/ Johanna M. Wilbert* |
| 8 | | Christina Rea Snider (SBN 269107) |
| | | Johanna M. Wilbert *(pro hac vice)* |
| 9 | | Lauren Bolcar *(pro hac vice)* |
| 10 | | *Attorneys for Defendant PUMA North America, Inc.* |
| 11 | Dated: November 3, 2025 | PRYOR CASHMAN LLP |
| 12 | | By: */s/ Benjamin S. Akley* |
| 13 | | Benjamin S. Akley (CA Bar No. 278506) |
| 14 | | Brad D. Rose *(pro hac vice)* |
| | | Felicity S. Kohn *(pro hac vice)* |
| 15 | | |
| 16 | | *Attorneys for Defendants MB1 Enterprises LLC, and LaMelo Ball* |
| 17 | | |
| 18 | Dated: November 3, 2025 | THE COCHRAN FIRM – CALIFORNIA |
| 19 | | By: */s/ James A. Bryant* |
| 20 | | James A. Bryant (CA Bar No. 255652) |
| 21 | | *Attorney for Defendant LaVar Ball and Big Baller Brand Inc.* |
| 22 | | |
| 23 | Dated: November 3, 2025 | McPHERSON LLP |
| 24 | | |
| 25 | | By: */s/ Edwin F. McPherson* |
| 26 | | Edwin F. McPherson (CA Bar No. 106084) |
| | | Gabriel Henriquez (CA Bar No. 289007) |
| 27 | | |
| 28 | | *Attorney for Defendant Tina Ball* |

Pursuant to Local Rule 5-4.3.4(a)(2)(i), counsel for Defendants LaVar Ball and Big Baller Brand, Inc. certifies that all other counsel concur in this filing's content and have authorized the filing of this document with their electronic signatures.

Dated:  November 3, 2025       THE COCHRAN FIRM - CALIFORNIA

By: /s/ James A. Bryant
James A. Bryant

*Attorney for Defendant LaVar Ball and Big Baller Brand Inc.*

**EXHIBIT A**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| 19STCV11404 | October 29, 2025 |
| BIG BALLER BRAND LLC, et al. vs GREGORY ALAN FOSTER | 4:50 PM |

Judge: Honorable Daniel M. Crowley    CSR: None
Judicial Assistant: Jontae Marquez    ERM: None
Courtroom Assistant: Debra Major    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order

The Court issues the following ruling after the court trial as follows:

*Big Baller Brand, LLC, etc., et al., v. Gregory Alan Foster*

**19STCV11404**

**Decision following trial on the 6th (Accounting), 7th (Declaratory Relief), 15th (Accounting), 17th (Constructive Trust), and 19th (Accounting) causes of action on Gregory Alan Foster's Cross-complaint against Big Baller Brand, LLC, Ball Sports Group, Inc., LaVar Ball, and Tina Ball**

*Background*

     This matter arises out of business dealings between Gregory Alan Foster and LaVar Ball and his wife, Tina Ball. The Balls are the parents of 3 sons, Lonzo, LiAngelo, and LaMelo, all basketball prodigies who went on to play professional basketball. The nature of the business dealings between Mr. Foster and the Balls was the monetization of the success of the Ball sons' basketball careers, especially that of the oldest son, Lonzo. Mr. Foster claims he created several business entities to achieve this goal, including Big Baller Brand, LLC, Big Baller Brand, Inc., and Ball Sports Group, Inc.

     The business dealings led to conflict. On April 1, 2019, Big Baller Brand, LLC sued Gregory Alan Foster for 1) Fraud, 2) Breach Of Fiduciary Duty, 3) Conversion and 4) Accounting. On October 2, 2019, Gregory Alan Foster filed a cross-complaint against Big Baller Brand LLC, Lonzo Anderson Ball, Lavar Christopher Ball, Tina Ball, Ball Sports Group,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| **19STCV11404** | October 29, 2025 |
| **BIG BALLER BRAND LLC, et al. vs GREGORY ALAN FOSTER** | 4:50 PM |

Judge: Honorable Daniel M. Crowley        CSR: None
Judicial Assistant: Jontae Marquez         ERM: None
Courtroom Assistant: Debra Major           Deputy Sheriff: None

---

Inc, Darren Moore, and Marathon Media Consulting, Inc. for 1) Fraudulent Concealment, 2) Breach Of Fiduciary Duty, 3) Conversion, 4) Breach Of Written Contract, 5) Breach Of Fiduciary Duty, 6) Accounting, 7) Declaratory Relief, 8) Breach Of Oral Contract, 9) Breach Of Oral Contract, 10) Breach Of Oral Contract, 11) Breach Of Oral Contract, 12) Breach Of Oral Contract, 13) Breach Of Fiduciary Duty, 14) Conversion, 15) Accounting, 16) Breach Of Oral Contract, and 17) Constructive Trust.[1]

Marathon Media Consulting was dismissed on November 6, 2020.

On March 2, 2021, the parties stipulated to Mr. Foster's filing a First Amended Cross-Complaint. The First Amended Cross-complaint added two new causes of action: 18) Conversion and 19) Accounting.

On September 7, 2022, the Court denied Mr. Foster's motion for leave to file a Second Amended Complaint.

On January 27, 2025, Mr. Foster filed Roe Amendments naming Ballin Out Sports Group as Roe 1 and Balling Out Entertainment as Roe 2. No proofs of service were filed as to these entities.

On February 3, 2025, The Court called the matter for trial. The Court dismissed Big Baller Brand, LLC's complaint pursuant to Code of Civil Procedure section 581(b)(5) because Big Baller Brand, LLC had lost its corporate status and could not proceed to trial. Counsel for Mr. Foster dismissed the recently named Roe defendants, Ballin Out Sports Group and Balling Out Entertainment. Neither counsel for Mr. Foster nor the Balls/Ball Sports Group, Inc. was ready to proceed to trial. The Court sanctioned each side's counsel $750 and ordered the parties to return on February 5, 2025.

On February 5, 2025, the parties announced that they had stipulated to bifurcate the trial so as to have the Court try the sixth (6th), seventh (7th), fifteenth (15th), seventeenth (17th), and nineteenth (19th) causes of action of the Cross-Complaint before any trial on the remaining causes of action.

On February 6, 2025, Big Baller Brand LLC and Big Baller Brand Inc.'s answers to the Cross-Complaint were stricken on account of their having lost their corporate status and the Court entered defaults against them on the Cross-complaint.

The parties put on evidence over 7 days (February 5, 6, 10, 11, 13, 18, and 19).

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| 19STCV11404 | October 29, 2025 |
| BIG BALLER BRAND LLC, et al. vs GREGORY ALAN FOSTER | 4:50 PM |

Judge: Honorable Daniel M. Crowley          CSR: None
Judicial Assistant: Jontae Marquez           ERM: None
Courtroom Assistant: Debra Major             Deputy Sheriff: None

---

Following the presentation, the Court ordered a briefing schedule to be completed by May 9, 2025. The parties tarried in briefing the matter and the matter was not fully briefed until September 15, 2025. The Court has now reviewed the briefing and issues this Decision.

*Decision*

The Court finds that Cross-Complainant, Alan Foster, failed to carry his burden of proof at trial on the causes of action being pursued in the Cross-Complaint.

The basis for all the causes of action being pursued in the Cross-Complaint is that there was some sort of business agreement between Mr. Foster and the Balls. Mr. Foster sues for a declaration of the terms of that agreement, as well as for equitable remedies for the breach of that agreement. Code of Civil Procedure section 16 provides that a person interested under a contract, or who desires a declaration of his or her rights or duties with respect to another, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action for a declaration of his or her rights and duties, including a determination of any question of construction or validity arising under the instrument or contract. (See, also, *Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 605.)

The burden of proof is on the party seeking to enforce the arrangement. Evidence Code section 500. The evidence presented establishes that there was some sort of business relationship between Mr. Foster and the Balls. There were marketing efforts, the manufacture of merchandise, and the development of a Facebook streaming program. At one point, Mr. Foster was even living at the Balls' home. But, at trial, Mr. Foster did not establish by a preponderance of the evidence what the terms of that relationship were.

Mr. Foster offered the Proposed Terms – Ball Sports Group, Inc. (Exhibit 53) as evidence of the terms, but the document appears to be an only incomplete early draft of a proposal. For example, the title indicates it is a recitation of "Proposed Terms." The Founders are identified as 1) the Ball Family and Members, and 2) "Alan Foster: (should be in a business structure like Enzo Worldwide, Inc or Ladderhouse, Intl.", suggesting that a more final version of the agreement would reflect that revision. In addition, the Board of Directors is listed as "1. The Member- Management and Board of Directors Shall Consist of," without identifying any individuals. While styled as an agreement to form "Ball Sports Group, Inc., no mention is made in the agreement as to the form the business was to take except that it was to be taxed as an S-Corp. (Exhibit 53-5.)   Mr. Foster did not offer as evidence any Articles of Incorporation, Corporate Bylaws, Statement of Information, evidence of an Initial Shareholder Meeting, or of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| 19STCV11404 | October 29, 2025 |
| BIG BALLER BRAND LLC, et al. vs GREGORY ALAN FOSTER | 4:50 PM |

Judge: Honorable Daniel M. Crowley  CSR: None
Judicial Assistant: Jontae Marquez  ERM: None
Courtroom Assistant: Debra Major  Deputy Sheriff: None

---

the issuance of Stock Certificates.

The Court finds that the Proposed-Terms document is not evidence of a contract, but only evidence of, perhaps, an intent to contract.

Mr. Foster testified that pursuant to the agreement, he was 1/3 owner of Ball Sports Group, Inc., Ball Media and Publishing LLC, Ball Merchandising LLC, and "Other 'Ball Family Companies' directly related to [the] agreement." (T3, 24:26-26:17; Exhibit 53-4.)  He also contended that he should be entitled to 1/3 of the later created International Junior Basketball Association, Big Baller Brands, Inc., Big Baller Brands, LLC, Balling Out Sports Group, Ballin Out Entertainment, Inc., and Specialty Fulfillment, Inc.  (T3, 26:14-28:8.)

Mr. Foster's description of the circumstances of the signing of the Proposed Terms strikes the Court as odd.  Mr. Foster testified that he first met the Balls when his son attended middle school with the Balls' sons, Lonzo, Gelo, and Melo, sometime around 2012, at which time Mr. Ball agreed to provide personal training to Mr. Foster's son.  Mr. Foster counseled his son to remain friends with the Ball boys (T3, 13:28-16:20; 94:1-95:21[2]), which the Court found to be somewhat opportunistic.  Mr. Foster testified that until presentation of the Proposed Terms to the Balls, his relationship with them was limited to Mr. Foster's getting on the phone to say hello after his son had called the Balls at his urging around the holidays.  (T3, 94:1-95:21.)  The Court finds that this is not the type of connection upon which a multimillion-dollar business deal would be based without some written back and forth[3] and due diligence.  The Court also finds Mr. Foster's insistence that the lack of any documentation of his and the Balls' agreements was because the Balls "trusted him" (T4, 31:3-32:4) not credible given their limited history together.

Mr. Foster testified that he brought the agreement to the Balls at their home.   The Court is struck by Mr. Foster's arrival in a Rolls-Royce (T3, 97:3-10), which the Court found to be a matter of theatrics unnecessary for old friends forming a business.  This came across as an attempt by Mr. Foster to convince the Balls of his bona fides, which the Court found disingenuous, especially in light of evidence of Mr. Foster's prior felony conviction for financial fraud.[4]  The Court also found Mr. Foster's explanation for not informing the Balls of this conviction – that they should have done their own due diligence to discover that Mr. Foster had this conviction – compounded his lack of credibility.  (T3, 113:1-17.)

Mr. Foster testified that the Balls spent 2-3 hours reviewing the 13-page agreement. (T3, 23:11-24.)  Later in his testimony, Mr. Foster backed away from that estimate, stating, "Maybe

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| **19STCV11404** | October 29, 2025 |
| **BIG BALLER BRAND LLC, et al. vs GREGORY ALAN FOSTER** | 4:50 PM |

| | |
|---|---|
| Judge: Honorable Daniel M. Crowley | CSR: None |
| Judicial Assistant: Jontae Marquez | ERM: None |
| Courtroom Assistant: Debra Major | Deputy Sheriff: None |

not even that long. It was long enough to where we had dinner, and he signed it." (T3, 114:10-14.) Mr. Foster testified that he urged the Balls to consult that counsel, but the Balls insisted that they trusted him and could not do this without him. (T3, 23:14-27.)

According to Mr. Foster, Mr. Ball's only question of him was why he was splitting ownership of the company into thirds (Mr. Foster-Mr. Ball-Mrs. Ball) rather than halves (Foster-Balls). Mr. Foster explained that he felt Mr. and Mrs. Ball each deserved their own share. (T3, 23:28-24:14.) Again, given the limited evidence of a close connection and/or history between Mr. Foster and the Balls, the Court is skeptical of Mr. Foster's "generosity" here.

Mr. Foster's credibility was diminished by his insistence that he came up the name, "Big Baller Brand," at the meeting at the Balls' home (T3, 102:8-103:19), even after being confronted in cross-examination with two emails, the first dated March 21, 2015 evidencing that the Balls had been utilizing the "Big Baller" name for over a year prior to meeting with Foster in April 2016, and a subsequent email string on March 24, 2016, evidencing that Mrs. Ball had attempted to start the trademark process for a Big Brand logo. (T4, 8:3-11:3; Exhibit 39.)

Similarly, Mr. Foster's testimony that he signed the varying iterations of the Big Baller Operating Agreements (Exhibits 55, 57, 73) electronically on behalf of all the other signatories with all the other signatories' permission was unconvincing. Again, the evidence was that Mr. Foster and the Balls had very a very shallow history together. The Court questions why people who hardly know someone would allow another person to sign legal documents on their behalf without their even reviewing the documents.

The Court is also struck by Mr. Foster's insistence that he had never seen the 2017 tax returns for Big Baller Brand LLC (T4, 62:13-20, 78:23-26; Exhibit 10.), which reflect a 50-50 ownership between Mr. and Mrs. Ball. It seems that if Mr. Foster were a one-third owner of Big Baller Brand LLC, he would have insisted on being more involved in the preparation and filing of the tax returns. Similarly, the Court is struck by the absence of any evidence of the purported entities' 2016 tax returns.

The Court is also struck by the absence of any evidence of Mr. Foster's being a signatory on any of the purported entities' bank accounts. The evidence of banking records introduced suggests only the Balls had access to these, despite Mr. Foster's insistence to the contrary.

In sum, the Court finds that Mr. Foster's presentation at trial did not carry his burden of establishing the elements of his causes of action for an Accounting or Declaratory Relief by a

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| **19STCV11404** | October 29, 2025 |
| **BIG BALLER BRAND LLC, et al. vs GREGORY ALAN FOSTER** | 4:50 PM |

Judge: Honorable Daniel M. Crowley    CSR: None
Judicial Assistant: Jontae Marquez    ERM: None
Courtroom Assistant: Debra Major    Deputy Sheriff: None

---

preponderance of the evidence. Accordingly, the Court finds for the Cross-Defendants on the 6th (Accounting), 7th (Declaratory Relief), 15th (Accounting), 17th (Constructive Trust), and 19th (Accounting) causes of action.

The Court sets a Status Conference on the issue of whatever causes of action of the Cross-Complaint remain in this matter on February 26, 2026, at 8:30 a.m. in Department 71. Cross-Complainant's counsel is to give notice of this ruling.

[1] On September 11, 2023, Gregory Alan Foster filed a separate complaint (LASC Case No. 23STCV21836) against Lonzo Anderson Ball, Lameck Lukanga, and Life Line Financial Group, LLC, for 1) Malicious Prosecution, 2) Breach Of Fiduciary Duty, 3) Intentional Interference With Contractual Relations, and 4) Unjust Enrichment. This complaint was dismissed following the Court's sustaining a demurrer to it without leave to amend. Judgment was entered in favor of the defendants on November 13, 2024.

[2] The Court's citations to the trial transcript are to the day of the transcript and the page and line numbers within.

[3] Mr. Foster testified that he and the Balls had emails back and forth about the formation of their business relations (T4, 12:27-13:3), but none were produced at trial.

[4] Foster was convicted of Federal Felony Mail Fraud and Money Laundering, involving a scheme in which he defrauded investors of over $3.5 million dollars through a fake investment scheme. (T3, 106:26-110:14) (Exhibits 20, 21). These felony convictions involved financial crimes procured through dishonesty.


Status Conference Remaining Pending Causes of Action on the Cross-Complaint is scheduled for 02/26/2026 at 08:30 AM in Department 71 at Stanley Mosk Courthouse.

The clerk is to give notice.

Certificate of Service is attached.

---